**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

DAVID ALLEN MOORE,

                         Plaintiff,

     v.                                              1:16-CV-475
                                                              (LEK/CFH)

SAMUEL S. STRATTEN VETERANS
ADMINISTRATION HOSPITAL,

                         Defendant.

---

**APPEARANCES:**

DAVID ALLEN MOORE
Plaintiff pro se[1]

400 Livingston Avenue
Albany, New York 12206
     *or*
Capital District Rescue Mission
250 South Pearl Street
Albany, New York 12202


**CHRISTIAN F. HUMMEL,
U.S. Magistrate Judge**

### REPORT-RECOMMENDATION AND ORDER

      Presently before this Court for review are an application to proceed in forma

pauperis ("IFP") and a complaint filed by pro se plaintiff David Allen Moore. Dkt. No. 1

---

[1] Plaintiff was incarcerated at Attica Correctional Facility for a conviction of Criminal Possession of Stolen Property in the Fourth Degree until June 1, 2016. On May 12, 2016, plaintiff informed the Court that he has a conditional release date of June 1, 2016, and his post-release address will be either 400 Livingston Avenue, Albany, New York 12206 *or* Capital District Rescue Mission, 250 South Pearl Street, Albany, New York 12202. According to the New York State Department of Corrections and Community Supervision Website, plaintiff was released from custody on his conditional release date, June 1, 2016. See http://nysdoccslookup.ny.gov (last visited June 2, 2016).

("Compl."), 2, 7, 10.[2]  Plaintiff has not paid any fee relating to this action.  Id.

## I.  In Forma Pauperis

After reviewing plaintiff's In Forma Pauperis Application ("IFP"), Dkt. Nos. 7, 10, the undersigned has concluded that the Court finds that plaintiff's financial status qualifies him to file this action without prepaying in full the $350.00 filing fee.  Thus, plaintiff may properly proceed in this matter IFP.

## II.  Review of Complaint[3]

### A.  Procedural Background

Plaintiff originally filed a petition for writ of habeas corpus relating to this action.  See Moore v. Stratten Veterans Memorial Hospital, 9:15-CV-1448 (MAD).  On February 25, 2016, District Judge Mae D'Agostino dismissed plaintiff's habeas petition, concluding that plaintiff's claims did not sound in habeas corpus because they would not impact the length of his confinement.  Id. at 5.  Judge D'Agostino determined that "remedy is more appropriately sought, if at all, in a civil rights action brought pursuant to 42 U.S.C. § 1983 or Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971)."  Therefore, the Court entered a judgment dismissing the action.  Dkt. No. 9.

---

[2]  On May 12, 2016, plaintiff filed a second application to proceed IFP.  Dkt. No. 10.  The second IFP application essentially mirrors the original application.  Id.

[3]  Any unpublished decisions cited within this Report-Recommendation and Order are attached hereto.

## B. Factual Allegations

In the complaint herein, plaintiff contends that on June 1, 2014, he visited Samuel S. Stratten[4] Veterans Administration Hospital in order to ascertain the date and time of the Alcoholics or Narcotics Anonymous meetings held at the Hospital. Compl. at 4, 7. When plaintiff entered the Hospital, he passed the security desk located in the basement. Id. There was no security guard at the desk, but plaintiff figured that he would "run into security personnal [sic]." Id. Upon entering the Hospital, plaintiff met some Hospital residents who purchased breakfast for him and "gave the Plaintiff a few[]dollars to purchase an all day bus pass." Id. at 4.

After finishing breakfast, plaintiff exited the Hospital. Compl. at 4. While he was on "an access ramp leading outside to street level[,]" he was stopped by security personnel. Id. The "security guard" "began to aggressively physically restrain the plaintiff without telling plaintiff what the restrain [sic] was for." Id. The guard then searched plaintiff's body and pockets. Id. Plaintiff asked the guard if he was being arrested, and the guard told him that a woman said he stole a soda. Id. Plaintiff denied the accusation. Id. The guard then searched plaintiff's bag. Id. at 5. The guard took plaintiff into the Hospital security office and demanded that he produce his wallet. Id. The guard searched the wallet, and a second guard scanned plaintiff's bag through a metal detector. Id. The guard demanded that plaintiff provide identification "so that the

---

[4] Plaintiff spells the name of the Hospital as Samuel S. Stratten Veterans Administration Hospital. The Hospital's website refers to itself as the Albany Stratton VA Medical Center. See http://www.albany.va.gov/ (last visited June 2, 2016). However, the caption of the case will reflect plaintiff's spelling and naming conventions.

3

officer could serve the plaintiff at his address with the violation papers for the charges stated above." Id.[5] The guard "gave plaintiff the violation charges of" (1) "trespassing in a federal dwelling," (2) "shoplifting," and (3) "hustling the elderly."[6] Id. at 5.

Plaintiff contends that he was not read his Miranda rights, and argues that his "Constitutional Rights were violated by the charges not being substantiated in Court. Constituting a false arrest and Illegal Detainer." Compl. at 5. Plaintiff argues that the security guard abused his discretion by relying on hearsay, "rather than factual observation." Id. Plaintiff also contends that the guard was negligent because plaintiff was never arraigned on the charges, insofar as twenty-two months have passed, and appears to suggest this passage of time is in excess of the "stature [sic] of limitations" and his right "to be arraigned on charges in a reasonable amount of time in order to obtain representation and provide an adequate defence [sic] for himself." Id. Finally, plaintiff contends that defendants failed to prove "guilt beyond a reasonable doubt" and their actions amounted to "defamation of character." Id. Plaintiff argues that, as a result of defendants' conduct, he suffered "stress and anguish for the duration of nearly 2 years" in addition to the fear and stress he faced during the allegedly unlawful search, seizure, and arrest. Compl. at 6. He seeks to dismiss or vacate the underlying

---

[5] Although plaintiff does not specify in his complaint whether he was ever "served" with the charges, the undersigned notes that in the amended petition before District Judge D'Agostino, plaintiff indicated that he was charged with trespassing and shoplifting and received notice of the charges by United States Mail. No. 9:15-CV-1448 (MAD), Dkt. No. 8 at 4.

[6] At varying points in the complaint, plaintiff describes this final charge as "? to the elderly," "to the elderly," and "hustling the elderly." Compl. at 3, 10.

4

charges, asks the Court to "grant" a "civil rights/class action suit,"[7] as well as "judgment $150,000.00 U.S. Currancy [sic]." Id. at 10.

### C. Plaintiff's Claims

Liberally read, it appears that plaintiff is setting forth the following Bivens claims, federal statutory claims, and state law claims: (1) unreasonable search and seizure in violation of the Fourth Amendment; (2) false arrest and imprisonment in violation of the Fourth Amendment; (3) right to a speedy trial under the Sixth Amendment and/or Speedy Trial Act; (4) Fifth Amendment right to due process; and (5) state tort law claims of slander, defamation, and negligent infliction of emotional distress.

### 1. Legal Standard

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see N.D.N.Y. L.R. 5.4. Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

---

[7] The undersigned interprets this demand for relief as request that the Court allow this Bivens action to proceed.

5

Where, as here, the plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted). Thus, a court is to exercise extreme caution before ordering a sua sponte dismissal of a pro se complaint before the adverse party has been served and had an opportunity to respond. Anderson v. Coughlin, 700 F.2d 37, 41 (2d Cir. 1983). However, dismissal of frivolous actions pursuant to 29 U.S.C. § 1915(d) is appropriate to prevent abuses of the process of the court and discourage waste of judicial resources. Neitzke v. Williams, 490 U.S. 319, 327 (1989).

### 2. Analysis

#### a. Threshold Issues

It appears plaintiff intends to bring this action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 389 (1971).[8] The intention of Bivens is "the deterrence of *individual* officers who commit unconstitutional acts." Rodriguez v. New York Downtown Hosp., 14-Civ-5958 (PAC)(SN), 2015 WL 5244680 (S.D.N.Y. Sept. 8, 2015); Platsky v. C.I.A., 953 F.2d 26, 28 (2d Cir. 1991). First, it appears plaintiff is attempting to sue both the guard who performed the stop, frisk, and arrest, as well as the Hospital. See generally Compl. Bivens permits claims against

---

[8] Cases for violation of one's constitutional rights may be brought under 42 U.S.C. § 1983 against defendants acting under the color of state law; however, in cases where a plaintiff is contending that federal actors or those acting under the color of federal law violated his constitutional rights, a Bivens claim is the proper approach. Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 66-67 (2001).

6

individuals, and does not permit vicarious liability. Ashcroft, 556 U.S. at 676 ("[R]ecovery is permitted only from individual federal officials."); see also Malesko, 534 U.S. at 68) (noting that Bivens purpose is to deter the individual officers, not the agency). Thus, it is recommended that plaintiff's claims against the Hospital be dismissed with prejudice.

Further, parties can only be sued under Bivens if they are officers of the United States. See, e.g., Feldman v. Lyons, 852 F. Supp. 2d 274, 279 (N.D.N.Y. 2012) (citing Chin v. Bown, 833 F.2d 21, 24 (2d Cir. 1987)). However, plaintiff does not allege the guard was a federal law enforcement officer or a federal employee. See 28 C.F.R. § 0.111(f) ("The director of the United States Marshals Service shall direct and supervise all activities of the U.S. Marshals Service including: . . . (f) Provision of assistance in the protection of Federal property and buildings."). If it is the case that the guard was a federal officer or employee, this claim may be brought under Bivens.[9] 403 U.S. at 389. If the officer was employed by a private company that contracted with the federal government to provide security services, plaintiff may not maintain a claim under Bivens. Malesko, 534 U.S. at 69; Minneci v. Pollard, ___ U.S.___, 132 S.Ct 617, 620 (2012) (declining to extend Bivens to permit claim for damages against employees of privately-operated Federal prison); Bender v. Gen. Services Admin., 539 F. Supp. 2d 702 (S.D.N.Y. 2008) (dismissing Bivens claim against private security company under

---

[9] The undersigned stresses that the claims may be brought under Bivens to highlight that the United States Supreme Court has carefully limited the application of Bivens. See D'Alessandro v. Chertoff, 10-CV-927A, 2011 WL 6148756, at *2 (W.D.N.Y. Dec. 12, 2011). For the purposes of deciding this motion only, the undersigned will assume that Bivens provides an avenue by which to bring a suit for violations of the Sixth Amendment right to a speedy trial, Fourth Amendment false arrest and imprisonment and unreasonable search and seizure, and Fifth Amendment due process claims.

7

contract with the federal government).  At this early stage, given the special solicitude due to plaintiff as a pro se litigant, plaintiff has sufficiently pleaded enough facts to suggest that the guard was a federal officer or employee subject to Bivens.

Although it is not clear from the complaint whether plaintiff intends to sue the guard in his individual or official capacity, because Bivens permits suits only against federal officers in their individual capacities, it is recommended that, insofar as plaintiff's complaint may be read as seeking to bring claims against the guard in his official capacity, such claims be dismissed with prejudice.  See Carlson v. Green, 446 U.S. 14, 18 (1980) (holding that Bivens claims may be brought against federal officers in their individual capacities); Platsky, 953 F.2d at 28 ("[E]ven in Bivens actions jurisdictional limitations permit a plaintiff to sue only the federal government officials responsible for violating the plaintiff's constitutional rights; a plaintiff cannot sue the agency for which the officials work.") (citation omitted).

Plaintiff seeks monetary damages of $150,000.00 as well as injunctive relief – the dismissal of the apparently pending criminal charges arising out of this incident.  Compl. at 10.  Under Bivens, however, a plaintiff may not seek injunctive relief.  See Kurzberg v. Ashcroft, 619 F.3d 176, 179 n.2 (2d Cir. 2010); Higazy v. Templeton, 505 F.3d 161, 129 (2d Cir. 2007) ("The only remedy available in a Bivens action is an award for monetary damages from defendants in their individual capacities.").  Accordingly, it is recommended that plaintiff's claim for injunctive relief be dismissed with prejudice.[10]

---

[10] It does not appear that plaintiff's claims would be barred under Heck v. Humphries.  Heck holds that a plaintiff may not bring a civil action if it would call into question the validity of the plaintiff's conviction unless the conviction was terminated in favor of the plaintiff.  512 U.S. 477, 486-87 (1994).

Finally, although plaintiff's complaint indicates that he seeks to sue one guard/officer – the individual who initially stopped him and performed the search/frisk of his person and his wallet – plaintiff's complaint refers to a second guard/officer who searched his bag. Compl. at 4 (" . . . another Afro-American officer 6' 4" searched my bag a second time and scanned it on a converayer [sic] machine that detects metal for weapons."). Insofar as plaintiff's complaint may be read as attempting to bring any claims against this second guard, keeping in mind the special solicitude due to plaintiff pro se, it is recommended that he be given an opportunity to amend in order to plead with specificity any facts and claims he may wish to bring against this second guard. Id.

### a. Speedy Trial

Liberally read, plaintiff's complaint suggests that his right to a speedy trial was violated insofar as he was never arraigned or prosecuted on the charges. See generally Compl. The right to a speedy trial arises, constitutionally, under the Sixth Amendment; however, there are statutory also protections through the Speedy Trial Act, 18 U.S.C. § 3161. It is not clear whether plaintiff seeks to allege constitutional or statutory violations.

---

Plaintiff contends that he was never arraigned on the charges, and certainly never pleaded guilty nor was convicted. However, although plaintiff cannot say that the charges were terminated in his favor, it does not appear that Heck precludes these claim as there has been no judgment of conviction. See Stegemann v. Rensselaer County Sheriff's Office, __ Fed. App'x ___, 2016 WL 1743598 (2d Cir. 2016) (summary order) ("Heck bars a § 1983 claim based on an extant conviction, but it has no application to an anticipated future conviction . . . . [A]t the time of the District Court's decision below, no conviction had been entered against [the plaintiff] – in fact, his trial was still ongoing.") (internal citations omitted); see also Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995) (stating that Heck applies to Bivens claims). Thus, at this time, it does not appear that Heck would bar plaintiff's suit here. Further, insofar as plaintiff alleges false arrest, "'[t]he Heck doctrine barring a Section 1983 claim does not extend to [a] plaintiff's false arrest suit." Glasgow v. Beary, 2 F. Supp. 3d 419, 427 (E.D.N.Y. 2014).

Plaintiff contends that he had contacted the "United States District Court[,]" "his case was scheduled to be heard on June 11, 2014," and he was "escorted into" a Magistrate Judge's office. Compl. at 9. He was then "incarcerated on a different case on June 4, 2014." Id. Plaintiff informed "intake & classification" that he had an appearance on 6/4/14 (State)." Id. He contends that he contacted the Northern District and informed someone that he "would like to be transported from jail to be heard on the violation charges as it would affect his parole in the form of a violation." Id. Plaintiff contends that a year and a half passed and he was never appeared before this Court on the violation charges. Id. Plaintiff states he thereafter brought a habeas corpus petition. Id.

A search of the Court's records revealed that plaintiff was scheduled for an appearance before the Court on June 14, 2014. That appearance related to three violations arising out of plaintiff's alleged conduct at the Hospital. See attachments.[11] The first violation was alleged to have occurred on April 19, 2014. See id. The notice of violation charges plaintiff with violating 18 U.S.C. § 641(1), Theft of Public Money, Property, or Records (Shoplifting) relating to his alleged theft of a bottle of soda from the Hospital's canteen store.[12] See id. The notice of violation, also dated April 19, 2014, charges plaintiff with a violation of 38 C.F.R. 1.218 (b)(11), Disorderly Conduct, arising out of his alleged refusal to comply with an officer's verbal commands, as well

---

[11] The notices of violation are attached to this Report-Recommendation and Order.

[12] One who violates 18 U.S.C. § 641 "shall be fined under this title or imprisoned not more than ten years, or both; but if the value of such property in the aggregate, combining amounts from all the courts for which the defendant is convicted in a single case, does not exceed the sum of $1,000, he shall be fined under this title or imprisoned not more than one year, or both."

10

as yelling and resisting arrest in the Hospital's pharmacy waiting area.[13] See id. The third notice of violation, dated April 19, 2014, charged plaintiff with trespass in violation of 38 C.F.R. 1.218 (b)(8).[14] See id. The violation notice provides that the canteen store clerk activated the store's duress alarm, and informed the guard that an individual had stolen a bottle of soda from the canteen store. Id. The violation notice also provides that plaintiff matched the store clerk's description of the individual who stole the soda, and that plaintiff was known to the guard, because the guard had issued plaintiff a verbal warning for solicitation and trespass three days earlier. Id.

As noted, it appears that plaintiff is contending that he appeared before a Magistrate Judge at some point on the charges arising out of the June 2014 Hospital incident as he refers to being "escorted into the Magis office." Compl. at  He further contends that he had a June 11, 2014 appearance scheduled, but that he w as incarcerated "on a diffrent [sic] case on 6/4/14." Compl. at 9. Thus, it is unclear if plaintiff ever had an initial appearance on these charges, though, taking all statements in his complaint as true – wherein plaintiff contends he was never arraigned on the charges – it does not appear that any appearance he had when he was "escorted into the Magis office" was an appearance on the violations. Id.

Insofar as plaintiff raises speedy trial claims against the unnamed defendant guard/officer, plaintiff fails to show how the unnamed defendant officer was personally

---

[13] Violation of this statute is subject to a term of imprisonment of not more than six months and a $250 fine. 38 C.F.R. § 1.218(b)(11), Security and Law Enforcement at VA Facilities.

[14] Violation of 38 C.F.R. § 1.218(b)(6), "Failure to comply with signs of a directive and restrictive nature posted for safety purposes[,]" can result in a term of imprisonment of not more than six months and a fine of $50.

11

involved or had any authority over any delays or alleged failures to arraign, prosecute, or dismiss the charges. Thus, it appears that plaintiff has not named a proper defendant for his speedy trial claims. Accordingly, insofar as plaintiff wishes to proceed with any speedy trial claims in this action but has not named a proper defendant for such claims, it is recommended that the complaint be dismissed, without prejudice, to afford plaintiff the opportunity to amend his complaint either to attempt to allege how the unnamed defendant guard is responsible for the alleged speedy trial violation or set forth a proper defendant an supporting facts as to how such defendant violated his right to a speedy trial.[15]

### III. Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**RECOMMENDED**, that plaintiff's applications to proceed in forma pauperis (Dkt. Nos. 7, 10) be **GRANTED**; and it is further

**RECOMMENDED**, that the following claims in plaintiff's complaint (Dkt. No. 1) be **DISMISSED with prejudice and without opportunity to amend**:

>(1) Plaintiff's Bivens claims against the defendant Hospital;
>
>(2) Bivens claims against the unnamed guard/officer in his official capacity;

---

[15] The undersigned notes that it appears undecided within this Circuit and District whether violation notices are equated with a complaint to begin the Speedy Trial Act's clock. See generally U.S. v. Caruso, 11-CR-269 (DLI), 2012 WL 3288654, at *5 (E.D.N.Y. Aug. 8, 2012) (quoting Dean v. United States, 436 F. Supp. 2d 485, 491 (E.D.N.Y. 2006); United States v. Boyd, 214 F.3d 1052, 1056-57 (9th Cir. 2000) ("[A] violation notice is completed by a law enforcement officer alone, without the oversight of a magistrate and therefore it will not be equated with a complaint to begin the Speedy Trial Act's clock.").

(3) Plaintiff's claim for injunctive relief; and it is further

**RECOMMENDED,** that, insofar as plaintiff's complaint may be read as attempting to set forth speedy trial claims, such claims be dismissed, without prejudice and with opportunity to amend to permit plaintiff an opportunity to (a) explain how the unnamed defendant Hospital guard was involved in the alleged speedy trial violations, and/or (b) name any other defendants who may be involved and provide sufficient detail of such involvement; and it is further

**RECOMMENDED**, that plaintiff's remaining claims survive initial review, but that no summonses be issued and no defendant be served until after the District Judge reviews the Report-Recommendation and Order and issues appropriate direction regarding summonses and service to the Clerk of the Court, and it is

**ORDERED** that the Clerk of the Court serve a copy of this Report-Recommendation and Order on plaintiff in accordance with Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D. L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).

**IT IS SO ORDERED**.

Dated: June 3, 2016   Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

13