**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
─────────────────────────────────

DAVID ALLEN MOORE,

                             Plaintiff,

        v.                                                       1:16-CV-475
                                                                  (LEK/CFH)

SAMUEL S. STRATTEN VETERANS
ADMINISTRATION HOSPITAL,

                             Defendant.
─────────────────────────────────

**APPEARANCES:**

400 Livingston Avenue
Albany, New York 12206
     *or*
Capital District Rescue Mission
250 South Pearl Street
Albany, New York 12202


**CHRISTIAN F. HUMMEL,**
**U.S. Magistrate Judge**

### REPORT-RECOMMENDATION AND ORDER

### I. Background

On June 3, 2016, this Court adopted the undersigned's Report-Recommendation and Order, Dkt. No. 11, which (1) dismissed with prejudice plaintiff's <u>Bivens</u> claims against defendant Hospital, plaintiff's <u>Bivens</u> claims against the unnamed guard/officer in his official capacity, and plaintiff's claims for injunctive relief; (2) dismissed without prejudice and leave to amend plaintiff's speedy trial claims. The Order explicitly

1

provided that plaintiff must explain how the unnamed hospital guard was involved in the alleged speedy trial violations and/or name any other defendants who may have been involved, and provide sufficient detail of such involvement. Finally, the Order provided that plaintiff's remaining claims survived initial review. Dkt. No. 14. Presently pending before the Court is a review of plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e).

## II. Review of Amended Complaint

Plaintiff submits a three-page amended complaint. Dkt. No. 16. The amended complaint, like the original, is somewhat difficult to follow. See id. The amended complaint does not reallege all of the factual allegations or legal claims made in his original complaint. Dkt. No. 16. In response to the Court's June 20, 2016 Order (Dkt. No. 14) inquiring how, if at all, the unnamed guard/officer was involved in any potential speedy trial violations, plaintiff provides the following: "the security guard at the hospital simply relied on HERESAY, The security guard used unessary [sic] force.without probable cause." Id. at 1. Plaintiff further provides that his inability in his original complaint to explain how the security guard was involved in alleged speedy trial violations

> . . . was merely a lose [sic] for words or definition. Yet the Plaintiff suffered an injustice, form [sic] the arrest. the plaintiff, was arrested by the security guard,also detained,and given Arrest violation papers to appear in court on the violation charges. Which was solely his responsibility to arrest or not arrest. The charges were unsubstantiated; The plaintiff referred to the charges as "alleged speedy trial

2

> violation." But the fault was on the part of the arresting officer.It was persieved [sic] as "NEGLIGENCE." ON the part of the security guard.

Id.

Very liberally read, it appears that plaintiff is attempting to argue in his amended complaint that the defendant unnamed officer/guard violated his right to a speedy trial by arresting him without sufficient cause, and that, because the officer had the discretion whether to arrest plaintiff, that officer is liable for speedy trial violations. Id. It is also possible that plaintiff is withdrawing his allegation that the officer violated his right to a speedy trial and is instead suggesting that the officer's arrest was negligent.[1] Id. The undersigned will review both readings of this claim.

To the extent plaintiff attempts to explain how the unnamed officer was involved in the speedy trial violation merely by indicating that the officer used excessive force and arrested him based on hearsay, such acts, even if true, do not amount to a speedy trial violation. Dkt. No. 16 at 1. As the Court indicated in its June 3, 2016 Report-Recommendation and Order, Dkt. No. 11 at 11-12, the arresting officer is not the proper defendant against whom to bring a speedy trial claim as the officer is not the authority who ultimately makes the decision whether to charge the plaintiff with any violations of the law and has the responsibility to proceed forward with a case. Although an arresting officer may refer a defendant to the U.S. Attorney's office for prosecution, should the U.S. Attorney's office fail to arraign the plaintiff under the proper time frame,

---

[1] This interpretation may be supported by plaintiff's "damages" section of his amended complaint wherein he lists his claims. He lists a claim for "negligence" but does not list a claim for speedy trial violations. Dkt. No. 16 at 3.

3

such violations are not attributable to the officer who issued the violations. Plaintiff has failed to demonstrate otherwise. Thus, even if it ends up being the case that the guard/officer violated plaintiff's Fourth Amendment rights by committing false arrest, no speedy trial claim lies against that officer. Plaintiff's claims that the officer arrested him without cause are encompassed within his false arrest claim which is still pending. See Dkt. No. 26 at 1; see also Dkt. No. 14.

Insofar as plaintiff seeks to bring a claim for "negligence" against the officer for arresting him "based on hearsay" and without probable cause during the arrest, Dkt. No. 16 at 1, it appears that his "negligence" claim is duplicative of his false arrest claim as plaintiff merely contends that the officer arrested him based on hearsay and without proper cause. Id. Insofar as plaintiff's amended complaint suggests that the officer used excessive force against him, plaintiff appears to have raised this claim for the first time in his amended complaint. Id. at 1 ("The security guard used unessary [sic] force."). Giving plaintiff the special solicitude due to him, it is recommended that this portion of plaintiff's amended complaint be read as attempting to set forth a claim for excessive force under the Fourth Amendment. However, beyond the one conclusory assertion that the officer used excessive force against plaintiff, Id., the amended complaint is entirely void of any factual claims to support the allegation that the officer used any degree of force against plaintiff. Accordingly, as plaintiff's conclusory statement is insufficient to set forth a claim for excessive force even under the most liberal reading, it is recommended that this claim be dismissed without prejudice. Further, as plaintiff has failed to cure the defects in his speedy trial claims in that he has

4

not named a proper defendant, it is recommended that any speedy trial claims, insofar as alleged against the unnamed guard/officer, be dismissed with prejudice.[2]

Addressing whether plaintiff's amended complaint identified any other defendants who may have been involved in the alleged constitutional violations, plaintiff indicates that there "was another officer present at the basement level" of the hospital. Dkt. No. 16 at 1. He indicates that the officer was an African-American male, "approximately 265 pounds, 7'3"." Id. Plaintiff provides that the "2nd officer in question [sic][] was in the Police officer/security Guard station of the basement level of the hospital." Id. Plaintiff further provides that "the officer which the claim is against left the plaintiff,to be supervised by the 2nd officer (AFICAN [sic] AMERICAN) WHILE THE 1st officer whom the claim is against,Heald [sic] the plaintiff. This was during the time that the officer (1st) looked into the Bag . . . ." Id. Plaintiff then continues to speak of the arrest made by the first officer, the unknown officer/guard. Id. at 2. Plaintiff makes no claims against the second African-American officer and indicates that it was not the African-American officer who searched his bag. Id. Further, plaintiff's language "the officer which the claim is against," combined with the fact that plaintiff has alleged no facts suggesting that the second officer committed a violation of his constitutional rights, suggests that he only seeks to bring a claim against the first officer, not the second. Accordingly, it is recommended that, because plaintiff failed to cure the defects in the original complaint, any potential claims against the second officer are dismissed with

---

[2] Although it is recommended that such claims be dismissed against the unnamed officer with prejudice, it is further recommended that the dismissal be without prejudice to plaintiff attempting to bring a speedy trial act claim against a proper defendant in the future.

out prejudice.

Finally, plaintiff's amended complaint contains section he entitles "Plaintiffs [sic] BIVENS Claims against the unnamed guard/officer in his official capacity[] and (3) Plaintiffs [sic] claims for INJUNCTIVE RELIEF." Dkt. No. 16 at 2. This Court dismissed with prejudice all Bivens claims against the unnamed officer in his official capacity as well as all claims for injunctive relief. Dkt. No 14. In the paragraph that follows this heading, plaintiff provides that "Respondents [sic] name was not available to the Plaintiff is nott [sic] readily available to the Plaintiff." Dkt. No. 16 at 3. Plaintiff then provides that he unsuccessfully sought assistance from The Prisoners Legal Aid Society, which was unable to provide assistance. Id. He further contends that he lost a bag of relevant legal documents while being transferred from Attica on June 1, 2016. Id. Finally, the amended complaint discusses plaintiff's transfer to the Hale Creek-CASAT program and provides addresses for where he intends to live following his release from the program on August 1. Id. Despite the fact that the title of this paragraph indicates that plaintiff is seeking to set forth Bivens claims against the unnamed guard/officer in his official capacity and claims for injunctive relief, this portion of plaintiff's complaint does not address Bivens claims and does not address a request for injunctive relief. Id. Similarly, a subsequent paragraph in the amended complaint is titled "Plaintiff's Claims for Injunctive Relief." Id. at 3. This paragraph is a restatement of plaintiff's claim that defendant "was . . . arrested and processed of a crime which was not subtatiated [sic]. The Plaintiff was never ARRAIGNED/or received a DISPOSITION FOR charges he was arrested and served with violations for. Therefore clearly showing

6

an ABUSE OF DISCRETION, WRONG DOING ON THE part of the officer." Id.

As set forth in this Court's June 2016 Report-Recommendation and Order, which was adopted in full by the District Judge, all Bivens claims against the guard/officer in his official capacity were dismissed against the defendant officer with prejudice. Dkt. No. 11 at 12; Dkt. No. 16. Thus, insofar as plaintiff's amended complaint, which contains the title "'Plaintiffs [sic] BIVENS Claims against the unnamed guard/officer in his official capacity[]" and 'PLAINTIFF'S CLAIMS FOR INJUNCTIVE RELIEF,'" Dkt. No. 16 at 2-3, seeks to raise such claims against the defendant unnamed guard/officer, such claims are dismissed with prejudice, pursuant to this Court's prior Order. See Dkt. No. 11 at 12. Further, this Court has also dismissed with prejudice plaintiff's demand for injunctive relief. Dkt. No. 11 at 12. Thus, insofar as plaintiff's amended complaint seeks injunctive relief against the unnamed guard or officer pursuant to Bivens, Dkt. No. 16 at 2-3, such demand is dismissed with prejudice, for the reasons set forth in this Court's June 3, 2016 Report-Recommendation and Order. See Dkt. No. 11 at 8 (citing Kurzberg v. Ashcroft, 619 F.3d `76, `79 n.1) ("Under Bivens, however, a plaintiff may not seek injunctive relief."). It is recommended that these claims be deemed stricken from the amended complaint insofar as they were dismissed with prejudice by a prior order of this Court. Dkt. No. 14.

Insofar as plaintiff indicates that he is unable to identify the unnamed guard/officer due to his loss of his legal papers, the undersigned refers plaintiff to the three violation notices and three statements of probable cause that were attached to the copy of the Report-Recommendation and Order provided to him by the Court on

7

June 30, 2016.  See Dkt. Nos. 11-5, 11-6, 11-7, 11-8, 11-9, 11-10.[3]  These documents appear to contain the name of the officer who authored the reports and issued the violations to plaintiff.  See id.  Plaintiff is advised that he must (1) take reasonable steps to identify the unnamed guard/officer by name, who it appears plaintiff is currently proceeding against as a John Doe defendant; and (2) after identifying the unnamed guard/officer by name, he must then move to amend his Complaint to name the proper party.  Failure to identify the unnamed defendant in a timely manner may result in this complaint being forwarded to the District Judge for dismissal against that defendant.

Finally, the undersigned observes that plaintiff's amended complaint is not a complete document as it fails to contain the full version of events and claims that were set forth in the original complaint.  An amended complaint is intended to fully supercede and replace an original complaint in its entirety; thus, it must contain all allegations and claims (not otherwise dismissed by the Court) on which the plaintiff wishes to proceed.  Plaintiff's amended complaint fails to comply with these rules as it fails to reallege all of the factual allegations and the claims that were not dismissed from the original complaint.  However, as plaintiff is proceeding pro se, and the undersigned finds it is unlikely that a direction from this Court will result in a submission of a full and proper amended complaint containing all of the relevant factual assertions and only the claims that have not been dismissed by this Court, it is recommended that the Court consider

---

[3] Although the copy of the Report-Recommendation and Order that was sent to the Capital District Rescue Mission was returned as undeliverable, Dkt. No. 15, the copy that was sent to plaintiff at the Livingston address was not returned, and a review of plaintiff's amended complaint which addresses this Court's prior order, suggests that plaintiff received this copy.  However, out of an abundance of caution, the Court will provide plaintiff with additional copies of these documents.

plaintiff's original complaint and amended complaint together such that the amended complaint is considered as a supplement to the original complaint, rather than a document that fully supercedes it.

### III. Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**RECOMMENDED**, that plaintiff's claim for speedy trial violations be dismissed with prejudice insofar as they are alleged against the defendant unnamed/guard officer; and it is further

**RECOMMENDED**, that, insofar as plaintiff's amended complaint can be read as attempting to reallege (1) <u>Bivens</u> claims against the unnamed guard/officer in his official capacity, and (2) claims for injunctive relief under <u>Bivens</u>, such claims be considered stricken from the amended complaint as these claims were dismissed with prejudice in this Court's June 30, 2016 Decision and Order; and it is further

**RECOMMENDED**, that, insofar as plaintiff's amended complaint may be read as setting forth a claim for negligence against the arresting officer, such claim be dismissed without prejudice; and it is further

**RECOMMENDED**, that plaintiff's amended complaint be read as attempting to set forth a claim for excessive force in violation of the Fourth Amendment against the unnamed guard/officer, but because such claim is conclusory, that claim be dismissed without prejudice; and it is further

**RECOMMENDED**, that any claims that plaintiff may seek to bring against the

9

second officer are dismissed without prejudice, due to plaintiff's failure to cure the defects in his original complaint; and it is further

**RECOMMENDED**, that, rather than supercede and replace the original complaint, Dkt. No. 1, the amended complaint, Dkt. No. 16, be docketed as a supplement to plaintiff's original complaint and the original complaint and amended complaint be read together as the operative complaint in this action, and that such claims dismissed or stricken by the undersigned be read as if they are not contained within these documents; and it is

**ORDERED**, that the Clerk of the Court add to the docket a John Doe defendant to represent the name of the unnamed guard/officer who issued plaintiff the violations; and it is further

**ORDERED**, that plaintiff must take reasonable steps to identify the unknown officer/agent <u>by his name within **thirty (30)** days of the adoption of this Report-Recommendation and Order by the District Judge</u>, and that once plaintiff identifies the unnamed guard/officer, plaintiff must <u>move to amend his complaint to properly identify this defendant by name</u>, and that the <u>failure to take reasonable steps to identify the defendant by name may result in the matter being forwarded to the District Judge for dismissal</u>; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order on plaintiff at the addresses contained within this Report-Recommendation and Order; and it is further

**ORDERED**, that the Clerk of the Court update the docket to reflect plaintiff's

10

current address(es) set forth in his June 23, 2016 filing. Dkt. No. 13.[4]

Pursuant to 28 U.S.C. § 636(b)(1), parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D. L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).

**IT IS SO ORDERED**.

Dated: August 10, 2016
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

---

[4] In plaintiff's June 23, 2016 letter to the Court, he informs the Court that he will be residing at the Hale Creek ASACTC at P.O. Box 950 in Johnstown, NY until August 1, 2016, and that his address after that date will be either at 400 Livingston Avenue, Albany, New York 12206 OR David Moore C/O Capital District City Rescue Mission, 259 South Pearl Street, Albany, New York 12202.

11