UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DAVID ALLEN MOORE,

        Plaintiff,

 -against-            1:16-CV-475 (LEK/CFH)

SAMUEL S. STRATTON VETERANS
ADMINISTRATION HOSPITAL,

        Defendant.

**ORDER**

This matter comes before the Court following a Report-Recommendation filed on August 10, 2016, by the Honorable Christian F. Hummel, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3.[1] Dkt. No. 17. ("Report-Recommendation").

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07, 306 n.2 (N.D.N.Y. 2008); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and

---

[1] Defendant is incorrectly listed on the docket as the "Samuel S. Stratten Veterans Administration Hospital." The Clerk of the Court is directed to amend the docket to reflect the correct spelling of Defendant's name, which is the "Samuel S. Stratton Veterans Administration Hospital."

clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

No objections were filed in the allotted time period. See Docket. Accordingly, the Court has reviewed the Report-Recommendation for clear error and has found none.

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's claim for speedy trial violations be **DISMISSED with prejudice** insofar as they are alleged against the defendant unnamed guard/officer; and it is further

**ORDERED**, that, insofar as Plaintiff's Amended Complaint (Dkt. No. 16) can be read as attempting to reallege (1) Bivens claims against the unnamed guard/officer in his official capacity, and (2) claims for injunctive relief under Bivens, such claims be considered **STRICKEN** from the Amended Complaint as these claims were **DISMISSED with prejudice** in the Court's June, 2016 Order; and it is further

**ORDERED**, that Plaintiff's Amended Complaint be read as attempting to set forth a claim for excessive force in violation of the Fourth Amendment against the unnamed guard/officer, but, because such claim is conclusory, that claim be **DISMISSED without prejudice**; and it is further

**ORDERED**, that any claims that Plaintiff may seek to bring against the second officer are **DISMISSED without prejudice**, due to Plaintiff's failure to cure the defects in his original Complaint (Dkt. No. 1); and it is further,

**ORDERED**, that rather than supersede and replace the original Complaint, the Amended Complaint be docketed as a supplement to Plaintiff's original Complaint, that the original Complaint and Amended Complaint be read together as the operative complaint in this action, and that claims dismissed or stricken by the undersigned be read as if they are not contained within these documents; and it is further

**ORDERED**, that the Clerk is directed to amend the docket to reflect the correct spelling of Defendant's name, which is the "Samuel S. Stratton Veterans Administration Hospital"; and it is further

**ORDERED**, that Clerk of the Court serve a copy of this Order on Plaintiff.

**IT IS SO ORDERED.**

DATED:    October 27, 2016
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge