**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

DAVID ALLEN MOORE,

                                   Plaintiff,

          v.                                                        1:16-CV-475
                                                                    (LEK/CFH)
SAMUEL S. STRATTEN VETERANS
ADMINISTRATION HOSPITAL; John Doe;

                                   Defendants.

**APPEARANCES:**

DAVID ALLEN MOORE
Capital District City Rescue Mission
259 South Pearl Street
Albany, New York 12207
Plaintiff pro se

### REPORT-RECOMMENDATION AND ORDER

### I.  Procedural Background

      On August 10, 2016, following an initial review of plaintiff's amended complaint

pursuant to 28 U.S.C. § 1915, the undersigned recommended that plaintiff's

(1) apparent claims for speedy trial violations be dismissed with prejudice; (2) Bivens

claims against the unnamed officer/guard in his official capacity and claims for

injunctive relief be deemed stricken from the amended complaint; (3) plaintiff's claim for

excessive force against the first officer (unnamed guard/officer) be dismissed without

prejudice, along with any other claims against the second officer; and (4) amended

complaint be considered a supplement to his original complaint, rather than supercede

and replace the original complaint.  See Dkt. No. 17.  The undersigned also ordered

plaintiff to take reasonable steps to identify the first officer within thirty days following

the adoption of the Report-Recommendation and Order, and that, should plaintiff wish

to continue against the first officer, he must seek to amend his complaint to identify

such officer.  Id.

On August 30, 2016, plaintiff filed a "motion to amend" his complaint; on

September 28, 2016, he filed a proposed "amended petition"; and on September 29, he

filed "exhibits" to the proposed "amended petition."  Dkt. Nos. 21, 22.[1]  On August 27,

2016, Senior District Judge Lawrence E. Kahn adopted the Report-Recommendation

and Order in full.  Dkt. No. 26.  On December 8, 2016, plaintiff filed a "Motion to

Proceed," seeking that the Court "review, the entirety of[,] remain open on the

DOCKET. So as not to have this case desmissed [sic] with or without PREJUDICE."  Id.

The undersigned interprets this filing as a status request and/or request for review of his

submissions at docket numbers 21, 22, and 23.[2]

Presently pending before the Court is a review of what the Court is liberally

construing as plaintiff's second amended complaint.  Dkt. No. 21-23.[3]

---

[1]    In accordance with the prisoner mailbox rule, a prisoner's pleading is deemed to be properly filed at the time he hands the papers to the prison authorities for transmittal to the court.  Dory v. Ryan, 999 F.2d 679, 681-82 (2d Cir.1993), modified on reh'g, 25 F.3d 81 (2d Cir. 1994).  It is unclear the dates plaintiff handed papers to prison authorities, but docket number 21 was mailed on August 26, 2016; docket number 22 was mailed on September 23, 2016; and docket number 23 was mailed on September 29, 2016.  Dkt. Nos. 21-23.  Regardless, submissions 21-23 are timely, as they were all submitted within – in fact, before – thirty days of the entry date of the Decision and Order adopting the Report-Recommendation and Order.  Dkt. No. 26.

[2]    Plaintiff is reminded that there are many cases pending before this Court, and that review of any filings or motions are reviewed in the Order that they are received.  Should plaintiff have questions about the status of any pending motion, he may request a copy of the docket sheet from the Clerk's Office.

[3]    Plaintiff is again advised that when he seeks to file an amended complaint, it must be a complete filing – that is, the amended complaint must contain *all* of the alleged facts, *all* legal claims that

## II.  Review of Docket Numbers 21-23

It is presumed that the reader is familiar with the general facts and claims alleged in this matter.  For greater detail, reference is made to plaintiff's amended complaint (Dkt. Nos. 1, 16) and this Court's August 10, 2016 Report-Recommendation and Order. The Report-Recommendation and Order, as adopted by the Court's August 27, 2016 Decision and Order, permitted plaintiff an opportunity to amend in the following, limited extent: (1) identify the first officer, and (2) set forth claims for excessive force against the first officer.  Dkt. Nos. 17, 26.  As noted, plaintiff has submitted three separate documents, two of which he labels "amended petitions."  Dkt. Nos. 21, 22, 23. The undersigned will review each submission.

### A.  Docket Number 21

The first document, although labeled "Amended Petition," appears to be a request for a preliminary evidentiary ruling and for summary judgment.  See Dkt. No. 21.  Specifically, docket number 21 (1) identifies the two officers involved in the alleged incident as Officer Gerald E. Russell III and Officer Brunson; (2) indicates that the

---

*have not been dismissed* by the Court with prejudice, as well as any claims on which the Court has given him permission amend.  See N.D.N.Y. L.R. 7.1(a)(4) ("Except if the Court otherwise orders, the proposed amended pleading must be a complete pleading, which will supersede the pleading sought to be amended in all respects.  A party shall not incorporate any portion of its prior pleading into the proposed amended pleading by reference.").  As stated in prior orders, an amended complaint is meant to replace an earlier complaint completely. Although the Court, giving the pro se plaintiff special solicitude, previously considered plaintiff's original complaint and first amended complaint together, due to the confusion that may occur should the Court need to consider multiple complaints – portions of which have been dismissed or stricken and portions of which may still be viable claims – plaintiff is reminded of this requirement and his duty to comply should there be any future filings.  See N.D.N.Y. L.R. 7.1(a)(4).

incident occurred on June 1, 2014, whereas the violation notices make reference to incidents on April 16 and 19th of 2014; (3) seeks a ruling that, should a videotape of the incident be made available, defendants not be permitted to use such video due to the dispute regarding the date of the subject incident and because he believes that the cameras "are not in the area[] of the cafeteria, main lobby, Access Ramp"; and (4) argues that the three notices of violations are "bogus reports" and the "statements the officer said the Plaintiff made During arrest[] was never heard before[] and I have no knowledge of the statements. I doesn't [sic] even recall Being arrested[] or pulled over and verbally warned on a [sic] earliyer [sic] date." Id.

Plaintiff's submission at docket number 21 is not an amended complaint, as it neither sets forth the facts of this case nor the legal claims. See Dkt. No. 21. Further, docket number 21 it is not responsive to this Court's August 10, 2016 Report-Recommendation and Order and August 27, 2016 Decision and Order, with the exception of identifying the two officers involved as Officer Gerald E. Russell III and Officer Brunson. Id. Although plaintiff does not reallege the facts describing where he encountered each officer, reading this submission together with his amended complaint (Dkt. Nos. 1, 16), suggests that the first officer he encountered was a Caucasian officer, Officer Russell, and the second officer he encountered, in the basement level of the hospital, was an African-American officer, Officer Brunson. See Dkt. No. 16 at 1.[4] In docket number 21, plaintiff fails set forth with any specificity any claims against the second officer who he encountered

---

[4] However, in plaintiff's submission at docket number 22, plaintiff suggests that the first officer is, in fact, Officer Brunson, and the second officer, located in the basement of the Hospital, is Officer Russell. See Dkt. No. 22. The undersigned discusses this in greater detail in the review of docket number 22.

in the basement; thus, to the extent plaintiff seeks to add the second officer, which, in docket number 21, appears to be Officer Brunson, to the docket, it is recommended that this specific request be denied.[5] Id. To the extent that plaintiff appears to request an evidentiary ruling seeking to exclude a video which may or may not exist and has not yet been produced, Dkt. No. 21 at 2, it is recommended that this request denied, without prejudice, as it is premature.

Also within docket number 21, plaintiff argues the merits of what appears to be his false arrest claim insofar as he appears to be challenging the authenticity or accuracy of the violation reports by calling into question the dates of the violation reports and the statements he is alleged to have made within them. See Dkt. No. 21 at 2. First, insofar as plaintiff seeks summary judgment, this request is premature as no defendants have appeared in this action or have even been served. Second, to the extent that plaintiff is attempting, through the submission of docket numbers 21-23, summary judgment on all or part of this case, plaintiff has not submitted the required filings for such a motion. On a motion for summary judgment, a plaintiff must submit: (1) a memorandum of law that is twenty-five pages or fewer in length, (2) an affidavit, and (3) a statement of material facts. See N.D.N.Y. L.R. 7.1(a)(1)-(3). A plaintiff must also demonstrate that there are no material disputed issues of fact. See FED. R. CIV. P. 56.

In sum, as plaintiff's "Amended Petition" at docket number 21 does not cure any of the defects set forth in his second amended complaint, (dkt. nos. 1, 16), it is recommended

---

[5] As noted in footnote 4, plaintiff appears to change his identification of the officers in docket number 22. To the extent plaintiff seeks to add Officer Brunson to the docket within docket number 22, this request is reviewed within that section.

that docket number 21, to the extent it may be read as an attempt to amend the complaint, be denied in its entirely, without prejudice.[6]  To the extent plaintiff seeks an evidentiary ruling or summary judgment, it is recommended that such relief be denied as premature and as improperly submitted.

### B.  Docket Number 22

On September 23, 2016, plaintiff submitted a second filing labeled "Amended Petition."  Dkt. No. 22.  In his cover letter accompanying docket number 22, plaintiff indicates that he was "naming respondant's [sic] in claim" and lists Gerard E. Russell III (Badge #4617), Security Guard, and Officer Brunson, Security Guard as defendants.  Dkt. No. 22-1 at 1.  Plaintiff also sets forth physical descriptions of Officers Russell and Brunson.  Dkt. No. 22 at 2.  Docket number 22, much like docket number 21, attempts to challenge the legitimacy and accuracy of the three violation notices.[7]

Plaintiff seems to indicate that he is unsure from the violation reports which officer is Officer Russell and which is Officer Brunson.[8]  Id.  Despite this, plaintiff suggests that the arresting officer – the first officer he encountered at the Hospital and the officer who issued

---

[6]  Within docket number 21, plaintiff requests to add to the docket as defendants Officers Russell and Brunson.  Dkt. No. 21. As plaintiff also makes this request in docket number 22, and, unlike in docket number 21, provides identifying information about the officers within docket number 22, the request will be addressed within the undersigned's review of docket number 22.  See Dkt. Nos. 21, 22.

[7]  The violation notices are numbers 3200977, 3200978, and 3200979.  These violations are attached to this Court's August 10, 2016 Report-Recommendation and Order and to plaintiff's submission at docket number 21.  See Dkt. Nos. 17, 21.

[8]  Plaintiff then reiterates that he believes "the Afro-American officer to be Gerald E. Russell III 6'3 and the short Calcusion [sic] white officer approx 5'7 to be Officer Brunson.  From the Report you are not able to make that accurate determination."  Id.

the violation notices – is Officer Brunson, and that the second officer – who he encountered in the basement of the Hospital – is Officer Russell.  Id.  Plaintiff argues that the violation notices were "bogus,"[9] and that Officer Brunson authored the notices, but asked Officer Russell to sign the violation notices.  Id. at 3.[10]  Further, plaintiff indicates that he "was never offeicially [sic] arraigned but did receive notice."  id.  He also indicates that he "contacted the courts to be heard/arraigned" but that the "Case was never brought into action because the time to arrainge [sic] plaintiff had expired."  Id.

First, as discussed during review of plaintiff's submission at docket number 21, supra at 4, despite the title plaintiff gives to docket number 22, describing docket number 22 as an amended complaint is a misnomer.  Although plaintiff identifies the names of the two officers, he does not otherwise attempt to cure the deficiencies identified in the first amended complaint by this Court.  See Dkt. No. 17 at 4 (recommending dismissal of plaintiff's apparent excessive force claim without prejudice), Dkt. No. 26.  Indeed, plaintiff has not set forth an excessive force claim against the first officer, now identified as Officer Brunson, nor has he alleged with specificity any claims against the second officer, who

---

[9] Plaintiff indicates that he is "challenging the credibility and accuracy of the Information writen [sic] in the Statement of Probable Cause of all 3 forms #3200977, #4300978, #3200978, and the Information contaned [sic] also the responsibility, professionalism and dependibility [sic] of the report. lack consanstancy [sic] and appears to be misleading. but Plaintiff will show how the Respondant[] Lacked the Dependancy to show probable cause.  Therefore damaging his credibility: The Report was extremely Bogus."  Dkt. No. 22 at 3.

[10] "Mr. Russells [sic] #4617 was not thought to be on the probable cause report because officer Brunson was the arresting officer.  It could be possible that the arresting officer ask the other officer to sign & process the forms.  I would not no [sic] if that would be in violation fo the Law.  But it is normal for some officers to ask another police officer to sign & officiate the paper work to cut down on time."  Dkt. No. 22 at 3.

plaintiff now identifies as Officer Russell.  See generally dkt. no. 22. [11]

In a nearly identical vein to his arguments in docket number 21, plaintiff seeks to argue the merits of his claims in docket number 22.  He contends that he is challenging the accuracy of the violation notices.  Dkt. No. 22 at 2-3.  For the reasons stated within the undersigned's review of docket number 21, it is recommended that plaintiff's apparent request for summary judgment be dismissed without prejudice, as premature and improperly submitted.  See FED. R. CIV. P. 56; N.D.N.Y. L.R. 7.1.  To the extent plaintiff references receiving notice of the charges against him but never being arraigned, Dkt. No. 22 at 2, it is unclear if he is seeking to reallege his speedy trial claims; however, this Court dismissed such claims with prejudice.  Dkt. Nos. 17, 26.  Accordingly, to the extent plaintiff's submission at docket number 22 may liberally be read as seeking to set forth a speedy trial claim, it is recommended that such claim be denied as the Court dismissed his speedy trial claims in the August 10, 2016 Report-Recommendation and Order and August 27, 2016 Decision and Order.  See id.  As plaintiff identifies the first officer he encountered as Officer Brunson, it is recommended that Officer Brunson be substituted for the John Doe defendant currently on the docket.  To the extent that plaintiff seeks to add as a defendant the second officer, Officer Russell, it is recommended that this request be denied without prejudice, as plaintiff has failed to set forth with specificity any claims against this defendant.

---

[11]  The Court reminds plaintiff that in moving for summary judgment, the moving party is asserting that there are no disputed questions of fact.  See FED. R. CIV. P. No. 56.

## C.  Docket Number 23

Plaintiff also submitted to the Court, at docket number 23, what he labels as "exhibits" to docket number 22.  See Dkt. No. 23.  In these "exhibits," plaintiff has included handwritten copies of the violation notices which appear to be his handwriting.  See id. at 1-3.  It also appears that plaintiff has signed Officer Russell's name to each of these "exhibits."  At the top of "Exhibit A," which plaintiff labels as #3200977, plaintiff writes "lacks credibility of Respondant [sic]" and notes "Bivens claim for plaintiff."  Dkt. No. 23 at 1.  At the bottom of this page, plaintiff signs Gerald E. Russell III's name.  Id. at 1.  On the top of "Exhibit B," which plaintiff labels as #3200978, plaintiff writes, "lacks credibility" and "Bivens claims for plaintiff."  Id. at 2.  At the bottom of "Exhibit B," plaintiff signs the name of Gerald E. Russell III.  Id.  At the top of "Exhibit C," plaintiff writes "lacks credibility - extremely Bogus - Bivens claims."  Id. at 3.  At the bottom of "Exhibit C," plaintiff signs the name of Gerald E. Russell III.  Id.

Following these "copies" of the violation notices, plaintiff again argues that the reports are "without merit, Bogus, or otherwise not permissible.  Does raise some credibility issues."  Dkt. No. 23 at 4.  Plaintiff indicates that there is "insufficient info." within the violation reports, and argues that "the respondunte [sic] never mentioned in his report a schedule court appearance date."  Id.  Plaintiff also argues that the violation notices were "written by the 2nd Officer.  The Afro-American Officer originally mentioned in the Hospital Access Ramp was the white/Calcusion [sic] officer 5'7"[] who is the officer who originally detained the Plaintiff.  The 2nd officer could have passible [sic] signed the Report[] to cut time it does show both officers intivted [sic] in the arrest."  Id.  For the same reasons

stated within the review of docket numbers 21 and 22, to the extent plaintiff argues that the violation reports were not credible and argues as to the merits of his alleged arrest, such claims are premature and, further, are not accompanied by the required filings. See FED. R. CIV. P. 56; N.D.N.Y. L.R. 7.1(a)(1)-(3). Thus, it is recommended that these requests be denied without prejudice.

Finally, to the extent plaintiff, within docket number 23, addresses a lack of a court date in the violation notices, plaintiff is again reminded that his apparent speedy trial claims have been dismissed by this Court with prejudice. Dkt. Nos. 17, 26.

### III. Conclusion

**WHEREFORE**, it is hereby

**RECOMMENDED**, that, plaintiff's submissions, Dkt. Nos. 21-23, be **GRANTED in part**, but only to the limited extent of adding Officer Brunson to the docket in place of the John Doe defendant; and it is further

**RECOMMENDED**, that, plaintiff's submissions, Dkt. Nos. 21-23, otherwise be **DENIED**:

Insofar as plaintiff seeks to add Officer Gerald E. Russell III as a defendant, such request be **DENIED without prejudice**, as plaintiff has failed to identify with specificity any claims against such officer, and it is further

**RECOMMENDED**, that to the extent plaintiff intends his submissions, Dkt. Nos. 21-23, to serve as a motion for summary judgment, such motion be **DENIED without prejudice**, as premature and as improperly submitted, as plaintiff does not provide the

papers required for such a motion (see N.D.N.Y. L.R. 7.1(a)(1)-(3)); and it is further

RECOMMENDED, that plaintiff's submissions, Dkt. Nos. 21-23, to the extent they seek an evidentiary ruling regarding a video, such claims be **DENIED without prejudice**, as they are premature; and it is further

RECOMMENDED, that, to the extent plaintiff's submissions, Dkt. Nos. 21-23, may be read as attempting to amend his complaint to reallege a speedy trial violation, such claims be **DENIED with prejudice**, as such claims were previously dismissed with prejudice by this Court; and it is further

RECOMMENDED, that any other claim for relief requested in docket numbers 21-23 that was not otherwise addressed be **DENIED**; and it is

ORDERED, that plaintiff's letter request, dkt. no. 29, is **GRANTED in part** insofar as may be read as seeking review of his submissions at dkt. nos. 21-23, and is otherwise **DENIED**; and it is further

ORDERED, that the Clerk of the Court serve a copy of the Local Rules of the Northern District of New York on plaintiff; and it is

ORDERED that the Clerk of the Court serve a copy of this Report-Recommendation and Order on plaintiff in accordance with Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D. L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette,

984 F.2d 85, 89 (2d Cir. 1993); <u>Small v. Sec'y of HHS</u>, 892 F.2d 15 (2d Cir. 1989); 28

U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).

          **IT IS SO ORDERED**.

        Dated: December 12, 2016
              Albany, New York

                                  Christian F. Hummel
                                  U.S. Magistrate Judge

12