UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DAVID ALLEN MOORE,

                              Plaintiff,

  -against-                            No. 1:16-CV-475 (LEK/CFH)

SAMUEL S. STRATTON VETERANS
ADMINISTRATION HOSPITAL, *et al.*,

                              Defendants.

---

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff David Allen Moore alleges that a security guard at the Samuel S. Stratton Veterans Administration Hospital in Albany, New York (the "Hospital") unlawfully arrested him while he was leaving the premises after a friendly meal with hospital staff. Dkt. Nos. 1 ("Complaint") at 4–6, 16 ("Supplemental Complaint") at 1–2. He brings constitutional claims under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), as well as tort claims under New York state law, against the Hospital and two of its security guards. The Hospital and one of the guards, Melvyn M. Brinson, have each moved to dismiss. Dkt. Nos. 59 ("Hospital's Motion"), 66 ("Brinson's Motion"). For the reasons that follow, the Hospital's Motion is granted, but Brinson's Motion is denied.

**II.   BACKGROUND**

    **A.  Facts**

The Complaint and Supplemental Complaint together constitute the operative pleading in this matter. Dkt. No. 26 ("October 2016 Order"). The Honorable Christian F. Hummel, U.S.

Magistrate Judge, described the factual allegations in detail in his June 3, August 10, and December 12, 2016 Report-Recommendations ("R. & R."). Dkt. Nos. 11 ("June 2016 R. & R."), 17 ("August 2016 R. & R."), 30 ("December 2016 R. & R."). To summarize, Plaintiff asserts that on June 1, 2014, he visited the Hospital to ascertain the date and time of Alcoholics or Narcotics Anonymous meetings held there. Compl. ¶¶ 4, 7. While he was inside the Hospital, some "residents" bought him breakfast. Id. at 4. While exiting, however, a white security guard (the "First Officer") restrained him and took him back inside the hospital, to the basement level, where the guard searched Plaintiff's bag and wallet. Id. at 5. The officer told Plaintiff that he was charging him with trespassing and shoplifting. Id. While this was happening, there "was another officer present at the basement level" of the hospital—a tall African American man (the "Second Officer"). Suppl. Compl. at 1.

### B. Procedural History

On June 30 and October 27, 2016, the Court adopted Judge Hummel's June 3 and August 10 recommendations, thereby granting Plaintiff's application to proceed in forma pauperis but dismissing various claims Plaintiff attempted to assert in his Complaint and Supplemental Complaint, including Plaintiff's Bivens claim against the Hospital. No. 14 ("June 2016 Order"); Oct. 2016 Order. Plaintiff's surviving claims, as construed by the Court, are: (1) unreasonable search and (2) false arrest, in violation of the Fourth Amendment; (3) deprivation of liberty without due process, in violation of the Fifth Amendment; and (4) state tort claims for slander, defamation, and negligent infliction of emotional distress. Compare June 2016 R&R at 5 (indicating the claims Plaintiff asserted) with Dec. 2016 R. & R. at 1 (indicating which claims have been dismissed). Plaintiff brings all four claims against the First Officer who detained

2

Plaintiff as he exited the Hospital. Id. Since the Court dismissed the Bivens claims against the Hospital, June R. & R. at 6–7; June Order at 2, the only claims remaining against it are state-law tort claims. As for the Second Officer, Plaintiff has alleged no facts suggesting that he violated any law; therefore, any potential claims against him have already been dismissed. Aug. 2016 R&R at 5; Oct. 2016 Order at 2.

On August 27, 2016, the Court ordered Plaintiff to take reasonable steps to identify the First Officer and provided him copies, from the Court's records, of the violation notices that were on file in connection with the incident at the Hospital. Dkt. Nos. 11-5 to 11-10; see also Dkt. No. 17-1. In submissions on August 30 and September 28, 2016, Plaintiff identified the officers who signed the violation notices—Gerald E. Russell, III and "Officer Brunson," later identified as Melvyn M. Brinson, Dkt. No. 57 ("May 2018 Text Order")—as the officers he encountered at the hospital. Dkt. Nos. 21 ("Plaintiff's August 30 Letter"), 22 ("Plaintiff's September 28, 2016 Letter"). He stated that he "believed" that "Brunson" was the First Officer, who arrested him, id. at 3 ("I believe the Afro-American officer to be Gerald E. Russell, III and the short Caucasian white officer . . . to be officer Brunson."), and asked the Court to add both officers as Defendants, id. at 1. However, he added that "[f]rom the Report, [he was] not able to make [an] accurate determination." Id. at 3.

On December 12, 2016, Judge Hummel issued a Report-Recommendation stating that "Plaintiff seems to indicate that he is unsure from the violation reports which officer is Officer Russell and which is Officer Brunson." Dec. 2016 R&R at 6. Nevertheless, Judge Hummel concluded that "as Plaintiff identifies the first officer he encountered as Officer Brunson, . . . Officer Brunson [should] be substituted for the John Doe defendant currently on the docket." Id.

at 8. But he also recommended that "to the extent that Plaintiff seeks to add as a defendant the second officer, Officer Russell, . . . this request [should] be denied without prejudice, as Plaintiff has failed to set forth with specificity any claims against" the Second Officer. Id. at 8. The Court adopted those recommendations. Dkt. No. 36 ("April 2017 Order").

On June 4 and August 27, 2016, respectively, the Hospital and Brinson moved to dismiss. Hosp.'s Mot.; Brinson's Mot.

### III. LEGAL STANDARD

While Brinson moves to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the Hospital moves to dismiss on sovereign immunity grounds pursuant to Rule 12(b)(1). "[W]ithin the Second Circuit, the question of whether a motion to dismiss made on sovereign immunity grounds should be reviewed under Rule 12(b)(1) or under Rule 12(b)(6) remains unresolved." Riley v. Cuomo, No. 17-CV-1631, 2018 WL 1832929, at *2 (E.D.N.Y. Apr. 16, 2018). This "distinction is significant," because "while [a district court] must accept all factual allegations in a complaint as true when adjudicating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), . . . in adjudicating a motion to dismiss for lack of subject-matter jurisdiction [pursuant to Rule 12(b)(1)], a district court may resolve disputed factual issues by reference to evidence outside the pleadings, including affidavits." State Emps. Bargaining Agent Coal. v. Rowland, 494 F.3d 71, 77 (2d Cir. 2007). Because (as explained below) the Hospital's Motion satisfies even the "stricter standard set under Rule 12(b)(6)," the Court will apply that standard to both motions. Riley, 2018 WL 1832929, at *2 (assuming without deciding that Rule 12(b)(6) standard applies to motion to dismiss based on sovereign immunity and granting motion).

4

Rule 12(b)(6) requires a complaint to be dismissed if it "fail[s] to state a claim on which relief may be granted." To state a valid claim, a complaint must allege "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Court may disregard "legal conclusions couched as factual allegations" that are "devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). However, "[w]hen there are well-pleaded factual allegations," a court must take them as true, id. at 679, and "draw[] all reasonable inferences in the plaintiff's favor," Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009). To "'nudge[] [the plaintiff's] claims across the line from conceivable to plausible,'" the facts need only "'raise a reasonable expectation that discovery will reveal evidence' of the wrongdoing alleged, 'even if it strikes a savvy judge that actual proof of those facts is improbable.'" Citizens United v. Schneiderman, 882 F.3d 374, 380 (2d Cir. 2018) (quoting Twombly, 550 U.S. at 556–57, 570). Where, as here, a plaintiff is litigating pro se, the Court must construe his or her pleadings "liberally and interpret[] them to raise the strongest arguments that they suggest." Sykes v. Bank of Am., 723 F. 3d 399, 403 (2d Cir. 2013).

Ordinarily, when deciding a 12(b)(6) motion, a court may not consider documents outside the complaint. R.H. Damon & Co. v. Softkey Software Prod., Inc., 811 F. Supp. 986, 989 (S.D.N.Y. 1993). It may, however, consider "documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010). It may also consider "documents or information contained in [the] defendant's motion papers if the plaintiff has knowledge or possession of the material and relied on it in framing the complaint," as well as "facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." Envtl. Servs. v. Recycle Green Servs., 7

5

F. Supp. 3d 260, 270 (E.D.N.Y. 2014) (quoting In re Merrill Lynch & Co., 273 F. Supp. 2d 351, 356–57 (S.D.N.Y. 2003)). In particular, when a Plaintiff is proceeding pro se, the Court may consider certain "materials outside the complaint to the extent that they are consistent with the allegations in the complaint," including "factual allegations in [the plaintiff's] papers opposing the motion" and "documents . . . attache[d] to [the plaintiff's] opposition papers." Scalpi v. Town of E. Fishkill, 14-CV-2126, 2016 WL 858955, at *3 (S.D.N.Y. Feb. 29, 2016).

IV. DISCUSSION

**A. Hospital's Motion**

"The United States and federal agencies are immune from suit unless Congress has expressly waived sovereign immunity." Sprecher v. Graber, 716 F.2d 968, 973 (2d Cir. 1983). The Federal Tort Claims Act ("FTCA") waives the government's sovereign immunity to claims for damages for certain torts committed by federal employees in the course of their duties. 28 U.S.C. § 1346(b)(1). It is, however, "the exclusive mode of recovery for the tort of a [g]overnment employee." United States v. Smith, 499 U.S. 160, 166 (1991) (emphasis added); see also Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 80 (2d Cir. 2005) ("The FTCA's purpose is both to allow recovery by people injured by federal employees or by agents of the Federal Government, and, at the same time, to immunize such employees and agents from liability for negligent or wrongful acts done in the scope of their employment."). In addition, the FTCA does not authorize suits against a government agency, such as the U.S. Department of Veterans Affairs, or the Hospital that it operates. See C.P. Chem. Co., Inc. v. United States, 810 F.2d 34, 37 n.1 (2d Cir.1987) ("The FTCA expressly provides that only the United States may be held liable for torts committed by a federal agency, and not the agency

6

itself.") (citing 28 U.S.C. § 2679(a)).

Even if the Court construes Plaintiff's claims against the Hospital to be against the United States—rendering them cognizable under the FTCA—it lacks jurisdiction over them. "The FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court. This requirement is jurisdictional and cannot be waived." Celestine, 403 F.3d at 82 (citing McNeil v. United States, 508 U.S. 106, 113 (1993)); see also 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."). "The burden is on the plaintiff to both plead and prove compliance with the [FTCA's] statutory requirements. In the absence of such compliance, a district court has no subject matter jurisdiction over the plaintiff's claim." Davis v. Goldstein, 563 F. App'x 800, 802 (2d Cir. 2014). "Accordingly, even if a pro se 'plaintiff's complaint can be liberally construed to state a claim under the FTCA . . . the court does not have subject matter jurisdiction over' the FTCA claim if [the] 'plaintiff has neither pleaded that he filed an administrative claim within two years of the incident giving rise to the action, nor that he exhausted an administrative tort claim prior to initiating the instant action.'" Pope v. Geo Grp., No. 18-CV-6900, 2019 WL 79426, at *3 (E.D.N.Y. Jan. 2, 2019) (quoting Diaz v. MDC Detention Ctr., No. 17-CV-3768, 2018 WL 472810, at *2 (E.D.N.Y. Jan. 17, 2018)).

Plaintiff has not alleged that he presented an administrative claim to the Veterans Administration or any other federal agency within two years of his release from custody on June

7

1, 2014.[1, 2] Therefore, Plaintiff cannot state claims against the Hospital or the United States, and his claims against them are dismissed with prejudice. See Pope, 2019 WL 79426, at *3 (dismissing tort claims against U.S. Marshall Service because it was "not a proper defendant" and, to the extent the claims were asserted against the United States, the "complaint fail[ed] to allege any facts showing that plaintiff has exhausted his administrative remedies").

**B. Brinson's Motion**

Brinson argues that this case should be dismissed because Plaintiff "misidentified" him as the First Officer (the white officer who allegedly arrested Plaintiff). Dkt. No. 66-1 ("Brinson's Memorandum"). In support, Brinson submitted a declaration stating that he is "the African American police officer described in [P]laintiff's pleadings," and that he was "on duty at [the Hospital] on April 19, 2014, at the time that VAMC Police Officer Gerald Russell, III, arrested [P]laintiff for shoplifting at the VAMC canteen store." Dkt. No. 66-2 ("Brinson Declaration") ¶¶ 6–9. As Brinson acknowledges in his motion, however, in deciding a motion to dismiss under Rule 12(b)(6), the Court "must 'accept[] all factual allegations in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor.'" Brinson's Mem. at 2–3 (quoting Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002)). In deciding a motion under

---

[1] "Under New York law, a cause of action for the tort of false imprisonment accrues . . . the date of the prisoner's release from confinement." Lynch v. Suffolk Cty. Police Dep't, Inc., 348 F. App'x 672, 676 (2d Cir. 2009) (citations and quotation marks omitted). Plaintiff alleges that he was briefly detained on June 1, 2014 and given a violation notice, but does not claim that Defendants kept him in custody overnight. Compl. at 4.

[2] Although the Court has not considered it for purposes of the Hospital's motion to dismiss, Kevin B. Thiemann, an attorney with the United States Department of Veterans Affairs, submitted a declaration stating that the department has "no record of an administrative tort claim filed by [Plaintiff]." Dkt. No. 59-2 ("Thiemann Declaration") ¶ 1, 7.

8

Rule 12(b)(6), the Court cannot consider evidence in a declaration, submitted by the defendant, that the Plaintiff neither incorporated nor relied on in his pleadings. R.H. Damon & Co., 811 F. Supp. at 989. Brinson does not contend that the declaration is otherwise subject to judicial notice. Envtl. Servs., 7 F. Supp. 3d at 270. As Brinson asserts no other grounds for his motion, it is denied.

That said, in light of Brinson's Declaration, the Court now realizes that it would be most appropriate to construe Plaintiff's pleadings—which indicate that Plaintiff "is unsure . . . which officer [was] Officer Russell and which [was] Officer Brunson," Dec. 2016 R&R at 6—to allege that the Caucasian officer who arrested him was *either* Brinson *or* Russell. See Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."); see also Henry v. Daytop Vill., Inc., 42 F.3d 89, 95 (2d Cir. 1994) (stating that "a plaintiff may plead two or more statements of a claim, even within the same count, regardless of consistency," and that "[t]he inconsistency may lie either in the statement of the facts or in the legal theories adopted").[3]

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Hospital's Motion to Dismiss (Dkt. No. 59) is **GRANTED**, and the claims against Samuel S. Stratton Veterans Administration Hospital are **DISMISSED with**

---

[3] The court in Henry cited former Rule 8(e)(2). 42 F.3d at 95. The relevant provision was restyled as Rule 8(d)(2)–(3) in 2007 "as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. The[] change[] [was] intended to be stylistic only." Fed. R. Civ. P. 8 Advisory Committee's note (2007).

**prejudice**; and it is further

**ORDERED**, that the Clerk shall terminate Samuel S. Stratton Veterans Administration Hospital's status as a defendant; and it is further

**ORDERED**, that defendant Melvyn M. Brinson's Motion to Dismiss (Dkt. No. 66) is **DENIED**; and it is further

**ORDERED**, that the Clerk add Officer Gerald E. Russell III as a defendant; and it is further

**ORDERED**, that the Clerk of this Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: January 17, 2019
Albany, New York

*[signature]*
Lawrence E. Kahn
U.S. District Judge